Nicholson, O. J.,
delivered tbe opiuiou of tbe court.
This is an attachment bill filed by complainants as creditors of Dennis, upon the allegation that be was a non-resident of tbe state. Tbe only question in tbe case is raised by defendant’s plea in abatement, by which be puts in issue tbe allegation as to¡ bis non-residence.
*379 The conclusion which we draw from the evidence, which is voluminous and conflicting, is, that in the fall of. 1868, Dennis, being then a resident of Kentucky, took the benefit of the bankrupt law, and entered into' an agreement with his friend, Isham Henderson, to become the purchaser of his property in Louisville, Ky., with the understanding that the property might be redeemed or repurchased; that Dennis then entered into a large contract with the United States government for the improvement of the Tennessee river, and, in the fall or winter of 1868, moved with his family .to Tennessee, and entered upon the work of improving the river.
We think the proof shows satisfactorily that Dennis came to Tennessee with the view of making money out of his contract, with which to redeem his Louisville property, and that his purpose to return was never abandoned until after the attachment bill was filed in December, 1871; but that during all that time he regarded his stay in Tennessee as only temporary, while his real home was in Kentucky. The facts indicating that he was a permanent citizen of Tennessee, such as voting in our elections, suing and being sued in our courts, paying taxes, renting land, etc., are overcome by his repeated declarations as to his purpose to return to Kentucky when his government contract was finished, and by Iris written declarations in his contracts with the United States government that he was a citizen of Kentucky.
The chancellor arrived az the same conclusion and gave judgment against Dennis and his sureties on his replevy bond, and we aifirm his decree with costs.